Barry R. Schirm (SBN 94553)
**HAWKINS PARNELL THACKSTON & YOUNG LLP**
445 South Figueroa Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 486-8000
Facsimile: (213) 486-8080
Email: *bschirm@hptylaw.com*

Attorneys for Defendant,
FCA US LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE MALDONADO TAPIA,<br>Plaintiff,<br>v.<br>FCA US LLC, a Delaware Company; and DOES 1 through 10, inclusive.<br>Defendants. | State Court Case No.: BC 653334<br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**<br>Complaint Filed : March 24, 2017<br>Trial Date: None |

Defendant FCA US LLC, (FCA) files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and in support thereof, states as follows:

**PRELIMINARY MATTERS**

1. Plaintiff Jose Maldonado Tapia commenced a civil action on March 24, 2017, in the Superior Court of the State of California for the County of Los Angeles, Case Number BC653334 alleging six causes of action related to violations of the Song-Beverly Consumer Warranty and Magnuson Moss Warranty Acts. (*See* Plaintiff's Complaint, attached as **Exhibit A.**)

2. This matter is an action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) in that it is a civil action wherein the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3. Copies of the pleadings and other papers served on the FCA in the above-described action are appended to this Notice of Removal as required by 28 USC § 1446.

## JURISDICTION & GROUNDS FOR REMOVAL

4. This is an action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Plaintiff is an individual, a citizen of Los Angeles California. (*See* Plaintiffs' Complaint, attached as **Exhibit A,** at ¶1.)

6. FCA is the sole Defendant in this action. (*See* Plaintiffs' Complaint, attached as **Exhibit A**.) Defendant FCA is a citizen of Delaware, organized and existing under the laws of Delaware, with its principal place of business in Auburn Hills, Michigan. (Secretary of State Business Search records, attached as **Exhibit B**.) FCA US LLC's sole member is FCA North America Holdings LLC, which was organized under the laws of the State of Delaware. Secretary of State Business Search records, attached as **Exhibit C**.) As such, the only Plaintiff and the only Defendant are citizens of different states.

7. The amount in controversy far exceeds the federal jurisdictional requirement of $75,000. (28 USC § 1332(b); *Valdez v. Allstate Ins. Co.* (9th Cir 2004) 372 F3d 1115, 1116–1118. Plaintiff claims the following amount in damages: (a) at least 25,000.00 on each of his five causes of action under the Song Beverly Consumer Warranty Act (**Exhibit A** at ¶¶ 21,29, 36,43,52; (b) a civil penalty under California Civil Code section 1794 (c), which is up to two times the amount of actual damages (**Exhibit A** at ¶¶24, 32, 39, 46, 55 and No. 5 of Prayer; (d) reimbursement damages under California Civil Code section 1793.2, which is up to the value paid

for the vehicle in question, which is 25,000.00 (**Exhibit A** at Plaintiff's *Exhibit 1* to Complaint.); (e) consequential damages (**Exhibit A** at p.11); (f) damages for loss of value of the vehicle (**Exhibit A** at p.11); and (g) mandatory attorney's fees under Song-Beverly Consumer Warranty Act, as well judgment in a sum equal to the aggregate amount of cost and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of the action pursuant to 15 U.S.C. Section 2310(d)(2) (**Exhibit A** at ¶66.)

8. FCA was served with Plaintiff's Complaint on April 7, 2017. (*See* Proof of Service of Summons and Complaint, attached as **Exhibit A**.) FCA's Notice of removal is timely pursuant 28 USC § 1446(b)(1). 28 USC § 1446(b)(1) a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading from which removability can be ascertained.)

## CENTRAL DISTRICT FORUM

9. Removal to this district court is proper under 28 USC § 1441(a) because the Los Angeles Superior Court is geographically located within this court's district.

## CONCLUSION

10. As required by 28 U.S.C. § 1446(a) and the local rules of this Court, true and correct copies of the process and pleadings served upon FCA are filed with this Notice of Removal.

11. By means of a Notice to Plaintiff and State Court of Removal Action, written notice of the filing of this Notice of Removal will be given to the Superior Court of California, County of Los Angeles, and Plaintiff as required by 28 U.S.C. § 1446(d).

12. Along with this Notice of Removal, FCA files the following: Civil Cover Sheet; Certification of Interested Parties; and a Civil Case Summary and Docket Sheet of Matters, Pleadings filed in State Court, and Declaration of Filing Notice of Removal in State Court. The list of all counsel of record, including

addresses, telephone numbers and parties represented, appears on the proof of service.

Dated: May 5, 2017

HAWKINS PARNELL THACKSTON & YOUNG LLP

By: /s/ Barry R. Schirm
Barry R. Schirm
Attorneys for Defendant,
FCA US LLC

# EXHIBIT A

ORIGINAL 90012 A6008

BLOCK LAW GROUP
Victor L. Block, Esq. (205096)
620 Newport Center Drive
Suite 1100
Newport Beach, CA 92660
Telephone: (949) 887-0448
Facsimile: (949) 200-4592
vblock@blocklawgroup.com

Attorney for Plaintiff, JOSE MALDONADO TAPIA

**FILED**
Superior Court of California
County of Los Angeles

MAR 24 2017

Sherri R. Carter, Executive Officer/Clerk
By M. Soto, Deputy
Moses Soto

**BY FAX**

D-14 GREEN

SUPERIOR COURT OF CALIFORNIA - COUNTY OF LOS ANGELES
CENTRAL DISTRICT
UNLIMITED JURISDICTION

| | |
|---|---|
| JOSE MALDONADO TAPIA,<br>Plaintiff,<br>vs.<br>FCA US, LLC, a Delaware Company; and DOES 1 through 10, inclusive,<br>Defendants. | Case No.: BC 653334<br>**COMPLAINT**<br>1. Violation of Song Beverly Consumer Warranty Act Section 1793.2(d);<br>2. Violation of Song Beverly Consumer Warranty Act Section 1793.2(b);<br>3. Violation of Song Beverly Consumer Warranty Act Section 1793.2(a)(3);<br>4. Violation of Song Beverly Consumer Warranty Act Section 1791.2;<br>5. Violation of Song Beverly Consumer Warranty Act Section 1791.1<br>6. Violation of Magnuson-Moss Act<br>*Assigned for All Purposes to the Honorable*<br>Department: |

Plaintiff, JOSE MALDONADO TAPIA, alleges as follows against Defendant, FCA US, LLC, and DOES 1 through 10 inclusive, on information and belief, formed after an inquiry reasonable under the circumstances.

GENERAL ALLEGATIONS

1. Plaintiff, JOSE MALDONADO TAPIA ("Plaintiff"), is an individual residing in the city of Torrance, County of Los Angeles, State of California.

CIT/CASE: BC653334
LEA/DEF#:
RECEIPT #: CCH524880098
DATE PAID: 03/24/17 02:33 PM
PAYMENT: $435.00
RECEIVED:
CHECK: $435.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00
310

03/24/2017

2. Defendant FCA US, LLC is and was a Delaware company registered to do business in the State of California with its registered office in the City of Los Angeles, County of Los Angeles, State of California.

3. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

4. All acts of corporate employees as alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

5. Each Defendant whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

6. On or about April 16, 2012, Plaintiff purchased a new 2012 Dodge Challenger, VIN 2C3DYBT2CH142801, (the "Vehicle"), and express warranties accompanied the sale of the vehicle to Plaintiff by which FCA US, LLC undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or provide compensation if there was a failure in such utility or performance. The warranty provided that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle could be repaired.

03/24/2017

7. The vehicle was delivered to Plaintiff with serious defects and nonconformities to the warranty and developed other serious defects and nonconformities to warranty including, but not limited to engine, transmission, engine and electrical defects. These defects substantially impaired the use, value and/or safety of the Vehicle.

**FIRST CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1793.2(d)]**

8. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

9. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff have used the vehicle primarily for those purposes.

10. Plaintiff is a "buyer" of consumer goods under the Act.

11. Defendant is a "manufacturer" and/or "distributor" under the Act.

12. The purchase agreement of the vehicle was accompanied by an implied warranty that the vehicle was merchantable. The sale of the agreement was also accompanied by an implied warranty of fitness. The sales contract is attached and incorporated by its reference as Exhibit 1.

13. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value or and/or safety of the vehicle.

14. Plaintiff delivered the vehicle to an authorized FCA repair facility for repair of the nonconformities.

15. FCA wrongfully denied warranty coverage for certain nonconformities.



03/24/2017

16. FCA was unable to conform Plaintiff's vehicle to the applicable express and implied warranties after a reasonable number of repair attempts.

17. FCA was unable to conform Plaintiff's vehicle to the applicable express and implied warranties after a reasonable amount of time.

18. Notwithstanding Plaintiff's entitlement, FCA has failed to either promptly replace the new motor vehicle or promptly make restitution in accordance with the Song-Beverly Consumer Warranty Act.

19. By failure of FCA to remedy the defects as alleged above, or to issue a refund or replacement, FCA is in breach of its obligations under the Act, pursuant to Civil Code Section 1793.2(d) and 1793.1(a)(2).

20. Plaintiff is entitled to justifiably revoke acceptance of the vehicle under the Act.

21. Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

22. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

23. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

24. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under the Act. FCA's action and/or inaction was willful in that FCA and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable

03/24/2017

warranty after a reasonable number of repair attempts, yet FCA failed and refused to promptly replace the Vehicle or make restitution.

**SECOND CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1793.2(b)]**

25. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

26. Although Plaintiff presented the Vehicle to FCA's representative in this state, FCA and its representative failed to commence the services or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code Section 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

27. Plaintiff has been damaged by FCA's failure to comply with its obligations pursuant to Civil Code section 1793.2(b) and therefore brings this cause of action pursuant to Civil Code Section 1794.

28. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, Plaintiff has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in Civil Code Section 1794(b)(2), including the diminution in value of the vehicle resulting from the defects. Plaintiff believes that, at the present, time, the Vehicle's value is *de minimis*.

29. Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

03/24/2017

30. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

31. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

32. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under Section 1793.2(b) of the Act. FCA's action and/or inaction was willful in that FCA and its representatives were aware that they were unable to service or repair the Vehicle to conform to the applicable warranty within 30 days, yet FCA failed and refused to promptly replace the Vehicle or make restitution.

**THIRD CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1793.2(a)(3)]**

33. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

34. In violation of Civil Code Section 1793.2(a)(3), FCA failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period.

35. Plaintiff has been damaged by FCA's failure to comply with its obligations pursuant to Civil Code Section 1793.2(a)(3) and therefore brings this cause of action pursuant to Civil Code Section 1794.

36. Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

03/24/2017

37. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

38. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

39. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under Section 1793.2(a)(3) of the Act. FCA's action and/or inaction was willful in that FCA knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet FCA failed to take any action to correct its failure to comply with the law.

**FOURTH CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1791.2(a)]**

40. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

41. In accordance with the FCA's warranty, Plaintiff delivered the Vehicle to FCA's representative in the state to perform warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified FCA and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

42. Plaintiff has been damaged by FCA's failure to comply with its obligations under the express warranty, and therefore brings this cause of action pursuant to Civil Code Section 1794.

03/24/2017

43. Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

44. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

45. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

46. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under Section 1791.2 of the Act. FCA's action and/or inaction was willful in that FCA and its representative were aware that they were obligated to repair the defects but refused to do so.

**FIFTH CAUSE OF ACTION**

**[Violation of the Song-Beverly Consumer Warranty Act Section 1791.1(a)]**

47. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

48. Pursuant to Civil Code Section 1792, the sale of the Vehicle was accompanied by FCA's implied warranty of merchantability. Pursuant to Civil Code Section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by FCA, except that the duration is not to exceed one year.

49. Pursuant to Civil Code Section 1791.1(a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) the Vehicle is adequately contained,

03/24/2017

packaged and labeled; (4) the Vehicle will conform to the promises or affirmations of fact made on the container or label.

50. On April 16, 2012, or within one year thereafter, the Vehicle contained or developed the defects as set forth above. The existence of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description; (2) is not fit for the ordinary purposes for which such goods are used; (3) is not adequately contained, packaged and labeled; (4) does not conform to the promises or affirmations of fact made on the container or label.

51. Plaintiff has been damaged by FCA's failure to comply with its obligations under the implied warranty, and therefore bring this cause of action pursuant to Civil Code Section 1794.

52. Plaintiff is entitled to reimbursement of the price paid for the vehicle less than amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities. Plaintiff suffered damages in a sum to be proven at trial but not less than $25,000.00.

53. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with their obligations under the Act.

54. Plaintiff is entitled under the Act to recover as part of the judgment to a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

55. Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FCA has willfully failed to comply with its responsibilities under Section 1791.1 of the Act. FCA's action and/or inaction was willful in that FCA and its representative were aware that they were obligated to repair the defects but refused to do so.

**<u>SIXTH CAUSE OF ACTION</u>**

**[Violation of the Magnuson Moss Warranty Act]**



03/24/2017

56. Plaintiff incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and realleged.

57. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act ("Mag-Moss"), 15 U.S.C. Section 2301(3).

58. FCA is a "supplier" and "warrantor" as defined in Mag-Moss, 15 U.S.C. Section 2301(4), 15 U.S.C. Section 2301(5).

59. The vehicle is a "consumer product" as defined in Mag-Moss, 15 U.S.C. Section 2301(1).

60. In addition to the express warranty, in connection with the sale of the vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. Section 2308(c).

61. FCA violated Mag-Moss when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle.

62. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the purchase agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the FCA and/or by operation of law.

63. As a direct and proximate result of the acts and omissions of the FCA, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

64. Under the Act, Plaintiff is entitled to rescission of the contract and reimbursement of the amount paid under the purchase agreement.

03/24/2017

65. Plaintiff is entitled to all incidental, consequential and general damages resulting from FCA's failure to comply with its obligations under Mag-Moss.

66. Plaintiff is entitled under Mag-Moss to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. Section 2310(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution of vale;
4. For incidental and consequential damages according to proof at trial;
5. For a civil penalty in the amount of two times Plaintiff's actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorney's fees and costs of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: March 24, 2017

BLOCK LAW GROUP

By: ______________________
VICTOR L. BLOCK
Attorneys for Plaintiff, JOSE MALDONADO TAPIA

03/24/2017

03/24/2017

# EXHIBIT 1

# RETAIL INSTALLMENT SALE CONTRACT – [illegible]

DEAL 97430
Dealer Number 67562 Contract Number R.O.S. Number [illegible]

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) |
| --- | --- |
| JOSE R MALDONADO TAPIA<br>1785 PLAZA DEL AMO APT 3<br>TORRANCE CA 90503<br>[illegible] COUNTY | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount [illegible] Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures [illegible]

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
| --- | --- | --- | --- | --- | --- |
| [illegible] | [illegible] | DODGE [illegible] | [illegible] | 2C3CDYBT2CH142801 | ☒ personal, family, or household<br>☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 4500.00 is |
| --- | --- | --- | --- | --- |
| [illegible] % | $ 10933.20(e) | $ 27233.20 | $ 38066.40(e) | $ 42566.40(e) |

(e) means an estimate

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
| --- | --- | --- |
| One Payment of | N/A | N/A |
| One Payment of | N/A | N/A |
| [illegible] Payments | 52[illegible].70 | Monthly, Beginning 05/31/12 |
| Payments | N/A | Monthly, Beginning N/A |
| One Final Payment | 52[illegible].70 | 04/30/2018 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

## ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price $ 25000.00 (A)
   A. Cash Price of Motor Vehicle and Accessories
      1. Cash Price Vehicle $ 25000.00
      2. Cash Price Accessories $ N/A
      3. Other (Nontaxable) $ [illegible]
         Describe N/A $ [illegible]
         Describe N/A $ N/A
   B. Document Preparation Fee (not a governmental fee) $ 55.00 (B)
   C. Smog Fee Paid to Seller $ N/A (C)
   D. [illegible] (to whom paid) LOJACK $ [illegible] (D)
   E. (Optional) Theft Deterrent Device (to whom paid) LOJACK WITH XR[illegible] $ [illegible] (E)
   F. (Optional) Theft Deterrent Device (to whom paid) N/A $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) EXPRESS CARE P[illegible] $ 495.00 (G)
   H. (Optional) Surface Protection Product (to whom paid) N/A $ N/A (H)
   I. Sales Tax (on taxable items in A through H) $ [illegible] (I)
   J. Optional DMV Electronic Filing Fee $ [illegible] (J)
   K. (Optional) Service Contract (to whom paid) PORTFOLIO $ [illegible] (K)
   L. (Optional) Service Contract (to whom paid) N/A $ [illegible]
   M. (Optional) Service Contract (to whom paid) [illegible]
   N. (Optional) [illegible]

2. Amounts Paid to Public Officials [illegible]
   A. [illegible]
   B. [illegible]
   C. [illegible]

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval [illegible]

Vehicle Insurance [illegible]

Body Injury [illegible]
Property Damage [illegible]
Medical N/A
N/A
Total Vehicle Insurance Premiums [illegible]

UNLESS A CHARGE IS INCLUDED [illegible] PUBLIC LIABILITY OR PROPERTY DAMAGE [illegible] FOR SUCH COVERAGE IS NOT PROVIDED [illegible]

You may buy the physical damage insurance [illegible] (see back) from anyone you choose [illegible] are not required to buy any other [illegible]

Buyer [illegible]
Co-Buyer [illegible]
Seller [illegible]

03/24/2017

ORIGINAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Victor L. Block (205096)
BLOCK LAW GROUP
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
TELEPHONE NO.: (949) 887-0448 FAX NO.: (949) 400-4592
ATTORNEY FOR (Name): Jose Maldonado Tapia

FOR COURT USE ONLY
FILED
Superior Court of California
County of Los Angeles
MAR 24 2017
Sherri R. Carter, Executive Officer/Clerk
By [signature], Deputy
Moses Soto
BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill
MAILING ADDRESS: 111 North Hill
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
Jose Maldonado Tapia v. FCA US, LLC

CASE NUMBER: BC 653334

JUDGE:

DEPT:

## CIVIL CASE COVER SHEET

- [x] Unlimited (Amount demanded exceeds $25,000)
- [ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
- [ ] Counter
- [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 6
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 24, 2017

(TYPE OR PRINT NAME) ▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

03/24/2017

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL

BY FAX

| SHORT TITLE: José Maldonado Tapia v. FCA US LLC | CASE NUMBER BC 653334 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

03/24/2017

| SHORT TITLE: Jose Maldonado Tapia v. FCA US LLC | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☑ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

03/24/2017

| SHORT TITLE: Jose Maldonado Tapia v. FCA US LLC | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

03/24/2017

| SHORT TITLE: Jose Maldonado Tapia v. FCA US LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: |
|---|---|---|---|
| ☐ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | 111 N. Hill |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 24, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

03/24/2017

# EXHIBIT B

**Alex Padilla**
**California Secretary of State**

# Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, May 3, 2017. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

200914610106 FCA US LLC

| | |
|---|---|
| **Registration Date:** | 05/22/2009 |
| **Jurisdiction:** | DELAWARE |
| **Entity Type:** | FOREIGN |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | C T CORPORATION SYSTEM (C0168406)<br>* |
| **Entity Address:** | 1000 CHRYSLER DR<br>AUBURN HILLS MI 48326 |
| **Entity Mailing Address:** | 1000 CHRYSLER DR<br>AUBURN HILLS MI 48326 |
| **LLC Management** | * |

A Statement of Information is due EVERY ODD-NUMBERED year beginning five months before and through the end of May.

| Document Type | File Date | PDF |
|---|---|---|
| SI-COMPLETE | 05/04/2015 | |
| AMENDMENT | 12/15/2014 | |
| SI-COMPLETE | 04/16/2013 | |
| AMENDMENT | 06/18/2009 | |
| REGISTRATION | 05/22/2009 | |

* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.

- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

Modify Search | New Search | Back to Search Results

# EXHIBIT C




ıartment of State: Division of Corporations

ΜΕ
ut Agency
retary's Letter
vsroom
quent Questions
ated Links
itact Us
ce Location

**RVICES**
Taxes
UCC's
aware Laws Online
ne Reservation
ty Search
us
date Certificate
tomer Service Survey

**ORMATION**
porate Forms
porate Fees
C Forms and Fees
es
edited Services
vice of Process
istered Agents
Corporate Status
mitting a Request
v to Form a New Business Entity
tifications, Apostilles & Authentication of
uments

View Search Results

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | **4687034** | Incorporation Date / Formation Date: | **5/14/2009** (mm/dd/yyyy) |
| Entity Name: | **FCA NORTH AMERICA HOLDINGS LLC** | | |
| Entity Kind: | **Limited Liability Company** | Entity Type: | **General** |
| Residency: | **Domestic** | State: | **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **THE CORPORATION TRUST COMPANY** | | |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE ST** | | |
| City: | **WILMINGTON** | County: | **New Castle** |
| State: | **DE** | Postal Code: | **19801** |
| Phone: | **302-658-7581** | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information [Submit]

[Back to Entity Search]

elp on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate |

***Jose Maldondo Tapia v. FCA US, LLC, et al.***
**Los Angeles Superior Court Case No.: BC 653334**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am employed by Hawkins Parnell Thackston & Young LLP. I am over the age of eighteen years and not a party to the within cause; my business address is 445 South Figueroa Street, Suite 3200, Los Angeles, California 90071-1651.

On the date set forth below, I served the foregoing document(s) described as:

**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**

On the parties in said cause:

| | |
|---|---|
| Victor L. Block, Esq.<br>BLOCK LAW GROUP<br>620 Newport Center Drive, Suite 1100<br>Newport Beach, CA 92660 | Phone: (949) 887-0448<br>Fax: (949) 200-4592<br><br>***Attorneys for Plaintiff Hector Bailon-Acevedo*** |

☒ **BY MAIL**: by enclosing a true copy thereof in a sealed envelope and, following ordinary business practices, said envelope, with postage pre-paid, was placed for mailing and collection (in the offices of Hawkins Parnell Thackston & Young LLP) in the appropriate place for mail collected for deposit with the United States Postal Service. I am readily familiar with the Firm's practice for collection and processing of correspondence/documents for mailing with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on the same day.

☐ **BY PERSONAL SERVICE:** by enclosing a true and correct copy thereof in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on this day by courier service following ordinary business practices.

☐ **VIA OVERNIGHT MAIL:** by enclosing a true and correct copy thereof in a sealed envelope(s), addressed as above, and causing each envelope(s) to be delivered on the next day by courier service following ordinary business practices.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 5, 2017, at Los Angeles, CA.

SMoreno
Signature

***Silvia Moreno***
Print Name